UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
NICO TRINKHAUS,  :
 :  **ORDER DENYING MOTION FOR**
            Plaintiff, : **DEFAULT JUDGMENT**
 :
   -against- : 20 Civ. 2292 (AKH)
 :
TGI TOURS, INC., :
 :
           Defendant. :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Nico Trinkhaus ("Plaintiff") moves for entry of default judgment against Defendant TGI Tours, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 54(b), and an award of damages, pursuant to Fed. R. Civ. P. 55(b) and the Copyright Act, 17 U.S.C. § 101 *et seq.* (ECF No. 10). Plaintiff filed his complaint on March 14, 2020. A year and a half later, on September 8, 2021, substitute counsel[1] filed a Certificate of Service with the Clerk, averring that service was made on Defendant's Registered Agent in New Jersey. (ECF No. 6). That same day, Plaintiff moved for, and the Clerk of Court entered, a certificate of default, pursuant to Fed. R. Civ. P. 55(a). (ECF Nos. 7–9). Plaintiff allowed another four months to transpire before filing the instant motion on January 17, 2022, in which he seeks $5,000 in statutory damages, $315 in attorneys' fees, and $400 in court filing fees. That same day, Plaintiff also filed a Certificate of Service, averring that

---

[1] The action was originally brought by Richard Liebowitz of Liebowitz Law Firm, PLLC. On July 27, 2020, Liebowitz filed a notice of an Order issued by the Honorable Jesse Furman, sanctioning both Liebowitz and his firm for his repeated and flagrant abuses of court and ethical violations. ECF No. 4. Fourteen months later, on September 8, 2021, James Freeman, also of Liebowitz Law Firm, PLLC, filed a notice of appearance on behalf of Plaintiff, substituting himself as named counsel in place of Liebowitz. ECF No. 5.

1

service was made by U.S. Mail. (ECF No. 14). For reasons provided below, the motion is denied.

Under Rule 55(a), the Clerk of Court must enter a defendant's default, when the plaintiff seeking affirmative relief shows, by affidavit or otherwise, that the defendant has failed to plead or otherwise defend. If the plaintiff seeks a judgment for an amount other than a "sum certain," he must "apply to the court for a default judgment." Fed. R. Civ. 55(b). The mere entry of default by the Clerk of Court does not mean that a default judgment is automatically warranted. *See Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). That determination requires a multi-pronged analysis of: (1) liability; (2) equitable considerations; and (3) damages. *See Randle v. AC Asset Servs. LLC*, 20 U.S. Dist. LEXIS 178384, at *1 (W.D.N.Y. Sept. 28, 2020). "The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)).

I hold that equitable considerations do not favor Plaintiff, and instead, weigh in favor of denying the motion. While it is true that Defendant has failed to respond or defend, Plaintiff, through his counsel, has engaged in behavior "disruptive of normal court practice and procedures." *Id.* Plaintiff's counsel filed and served this complaint while under a suspension order, described in the previous footnote. Eighteen months later, a lawyer-employee took over, and caused proof of service to be filed,

contemporaneous with a motion for entry of default.  Rule 5(d)(1) of the Federal Rules of Civil Procedure provides that proof of service "must be filed within a reasonable time after service."  Although courts ordinarily construe "reasonable time" liberally to avoid merely technical objections, here I find that eighteen months is not a "reasonable time" because the delay is not only substantial but Plaintiff also offers no excuse or explanation for the delay.  Cf. *Faherty v. Spice Entm't, Inc.*, No. 04-CV-2826, 2005 U.S. Dist. LEXIS 17976, at *8 (S.D.N.Y. Aug. 18, 2005) (finding six months a "reasonable time" where party explained that the delay was caused by logistical complications, including the need to find local counsel, obtain *pro hac vice* admission, and pursue settlement discussions).

   I further find that there are questions of personal jurisdiction that should be resolved before service is allowed.  Although a court is not required to inquire into the basis for exercising personal jurisdiction when ruling on a motion for default judgment, the Second Circuit has stated that "when a defendant declines to appear . . . before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant."  *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).  "In the absence of a federal statute specifically directing otherwise, and subject to the limitations imposed by the United States Constitution, [the court] looks to the law of the forum state to determine whether a federal district court has personal jurisdiction over a foreign corporation."  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016).  The exercise of personal jurisdiction must accord with the Due Process Clause of the United States Constitution.  *Id.* at 625.  Critically, Plaintiffs' allegations must provide "factual specificity necessary to confer jurisdiction."  *Jazini ex rel. Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir.

1998).  Conclusory statements, including legal conclusions, without supporting facts are insufficient.  *Id.*

Plaintiff has failed to meet his burden.  He alleges only that personal jurisdiction exists because Defendant resides or transacts business in this district.  This conclusory allegation, stated in the disjunctive, is a wholly insufficient basis for me to "assure" myself that I may statutorily or constitutionally exercise jurisdiction over Defendant.

For these reasons, and because in this Circuit the preference is for reaching judgments on the merits and not by way of default judgments, the motion is denied.  *See Shah*, 168 F.3d at 615 (finding no abuse of discretion where the district court denied motion for default judgment in light of plaintiff's "behavior that could be disruptive of normal court practices and procedures" and the Circuit's preference for judgments on the merits).  ECF 10 is terminated.  Any motion by plaintiff to allow the action to continue should be made by February 28, 2022.  Failure to do so will result in dismissal.

SO ORDERED.

Dated: February 15, 2022  _____/s/ Alvin K. Hellerstein_____
New York, New York  ALVIN K. HELLERSTEIN
United States District Judge

4